IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATHI A. RIEGLER, individually and as Personal Representative of the Estate of JOHN C. RIEGLER, deceased; and CHERYL GILES and APRIL RIEGLER, as heirs of JOHN C. RIEGLER,<br><br>    Plaintiffs,<br>v.<br><br>CARLISLE COMPANIES, INC.; CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., f/k/a MOTION CONTROL INDUSTRIES, INC.; EATON CORPORATION; FORD MOTOR COMPANY; NAVISTAR, INC., individually and as successor-in-interest to INTERNATIONAL HARVESTER CORPORATION,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING CARLISLE'S JOINDER MOTION**<br><br>Case No. 2:20-cv-00752-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Two pending motions in this matter are ripe for decision. First, Defendant Carlisle Industrial Brake and Friction, Inc., f/k/a Motion Control Industries, Inc. (Carlisle), filed a document captioned as a "Joinder in Co-Defendants' Briefing Concerning Experts,"[1] in which it seeks to join several of the other Defendants' filings in this case: (1) three memoranda in opposition to Plaintiffs' Motion to Preclude Defendants' Experts from Referencing and/or

---

[1] Dkt. 140. This filing was initially construed by docketing as a motion to exclude. *See* Modification of Docket (Dkt. 142) ("Error: motion was filed as a motion for joinder. Under Local Rule DUCivR 7-1(a)(7) joinder is improper, each party must file . . . its own motion for relief. Correction: motion relief changed to Motion to Exclude per chambers instruction."). Although it is true Local Rule 7-1 makes it improper to incorporate another party's argument simply by filing a document labeled "joinder," as further discussed below, the initial change was in error. Carlisle seeks not only to join the other Defendants' Motions to Exclude, but also the other Defendants' opposition memoranda responding to Plaintiffs' Motion to Preclude. *See* Dkt. 140 at 2–4. Therefore, it is inaccurate to refer to Carlisle's Motion as solely a Motion to Exclude. For accuracy and ease of reference, the court will refer to Carlisle's filing at Docket Entry 140 as Carlisle's "Joinder Motion."

testifying on Certain Matters; (2) four motions to exclude the testimony of one or both of

Plaintiffs' experts; and (3) three reply briefs in support of those motions to exclude.[2]

Plaintiffs then filed a Motion to Strike,[3] asking the court to strike Carlisle's Joinder

Motion because it is untimely, Carlisle did not seek leave of court to belatedly join the other

Defendants' filings, and Carlisle cannot meet the applicable standards to allow the court to

consider its untimely motion.[4]  For the reasons explained below, Carlisle's Joinder Motion is

DENIED and Plaintiffs' Motion to Strike is DENIED AS MOOT.

## PROCEDURAL HISTORY

Plaintiffs initiated this action on October 30, 2020, naming the following entities as

Defendants: Carlisle; Carlisle Companies, Inc. (Carlisle's parent company); DCo, LLC, f/k/a

Dana Companies, LLC; Eaton Corporation; Ford Motor Company; Honeywell International,

Inc.; and Navistar, Inc.[5]  On October 5, 2021, the parties stipulated to amend the original

scheduling order.[6]  Under the Amended Scheduling Order, the "[d]eadline for filing dispositive

or potentially dispositive motions[,] including motions to exclude experts where expert testimony

is required to prove the case," was extended to May 6, 2022.[7]  On that date, numerous motions

---

[2] Dkt. 140 at 2–4.

[3] Dkt. 145.

[4] Dkt. 145 at 3–4.

[5] Original Complaint (Dkt. 2) ¶¶ 8–14.  Carlisle (i.e., Carlisle Industrial Brake and Friction, Inc.) and Carlisle Companies, Inc. (Carlisle's parent company) jointly filed an Amended Answer on March 25, 2021, in which they asserted Carlisle had been "improperly sued as Carlisle Companies, Inc."  Dkt. 42 (quotation simplified).  Since that Amended Answer, Carlisle's filings have not purported to include Carlisle Companies.  Accordingly, when this Order refers to actions taken by "Carlisle," it is not referring to the two entities collectively, but only Carlisle Industrial Brake and Friction, Inc.  In addition, prior to the procedural events relevant to this Order, Defendant DCo, LLC was dismissed from this case by stipulation.  *See* Order Granting Stipulated Motion for Dismissal of Defendant DCo, LLC Without Prejudice (Dkt. 73).  Therefore, when this Order refers to actions taken collectively by "Defendants," Carlisle Companies and DCo are not included within that collective list.

[6] Joint Stipulated Motion for Amendment of the Attorney Planning Meeting Report (Dkt. 55).

[7] Amended Scheduling Order (Dkt. 59) at 2.

were filed:  Carlisle and Ford filed separate Motions for Summary Judgment,[8] each seeking

judgment as a matter of law against Plaintiffs and in their own respective favor.  Plaintiffs filed a

*Daubert* Motion to Preclude Defendants' Experts from Referencing and/or Testifying on Certain

Matters.[9]  And all remaining Defendants in the case—besides Carlisle—individually filed

motions to exclude the testimony of one or both of Plaintiffs' designated causation experts.[10]

Later in May, all remaining Defendants except Carlisle timely filed memoranda in

opposition to Plaintiffs' Motion to Preclude.[11]  And throughout June, three Defendants filed

reply briefs in support of their respective motions to exclude.[12]

On July 28, Carlisle filed its Joinder Motion.[13]  In this filing, Carlisle first seeks to "join[]

in and incorporate[] by . . . reference" its co-defendants' memoranda in opposition to Plaintiffs'

Motion to Preclude.[14]  Second, Carlisle attempts to join the various "motions and replies filed by

the other defendants, all of which seek to exclude the [allegedly] unreliable causation opinions

offered by Plaintiffs' experts."[15]  Plaintiffs then moved to strike the Joinder Motion on August 10,

arguing Carlisle had (1) untimely moved to exclude Plaintiffs' expert testimony and (2) untimely

---

[8] Ford's Motion for Summary Judgment (Dkt. 83); Carlisle's Motion for Summary Judgment (Dkt. 89).

[9] Dkt. 85.

[10] Ford's Motion to Exclude Plaintiffs' Expert's Unreliable Causation Opinion (Dkt. 84); Eaton's Motion to Exclude Plaintiffs' Experts Brent C. Staggs, M.D. and William Ewing's Unreliable Causation Opinions (Dkt. 88); Navistar's Motion to Exclude Plaintiffs' Experts Staggs' and Ewing's Unreliable Causation Opinions (Dkt. 90); Honeywell's Motion to Exclude Plaintiffs' Expert Dr. Brent Staggs' Unreliable Causation Opinions (Dkt. 91).  Honeywell later withdrew its Motion on August 1, apparently after reaching a settlement with Plaintiffs.  *See* Notice of Settlement (Dkt. 143); Notice of Withdrawal (Dkt. 144).  Honeywell was then dismissed from this case by stipulation on November 8, 2022.  *See* Order Dismissing Defendant Honeywell International, Inc. with Prejudice (Dkt. 159).

[11] Ford's and Honeywell's Joint Memorandum in Opposition to Plaintiffs' Motion to Preclude (Dkt. 105); Eaton's Opposition to Plaintiffs' Motion to Preclude (Dkt. 107); Navistar's Memorandum in Opposition to Plaintiffs' Motion to Preclude (Dkt. 110).

[12] Honeywell's Reply in Support of its Motion to Exclude (Dkt. 122); Ford's Reply in Support of its Motion to Exclude (Dkt. 124); Eaton's Reply in Support of its Motion to Exclude (Dkt. 131).  Navistar did not file a reply brief.

[13] Dkt. 140.

[14] *Id.* at 2 (citing Dkts. 105, 107, 110).

[15] *Id.* at 3–4 (citing Dkts. 84, 88, 90, 91, 122, 124, 131).

sought to oppose Plaintiffs' Motion to Preclude, both without addressing the requisite "good cause" and "excusable neglect" standards under Federal Rule of Civil Procedure 6(b).[16]  Carlisle filed an Opposition to Plaintiffs' Motion to Strike on August 24, presenting various arguments why the court should deny the Motion to Strike and accept Carlisle's attempt to join the filings by the other Defendants.[17]

## LEGAL STANDARDS

"[N]either the Federal Rules of Civil Procedure nor the [District of Utah's] Local Rules permit motions to join in another party's motion."[18]  As this court has observed, "[s]uch attempts at joinder result in needless confusion."[19]  The Rules do allow parties to "independently move, requesting certain specific relief, and incorporate by reference arguments made by another party seeking that same relief."[20]  But parties seeking to incorporate arguments of another party's motion must do so "in accordance with [Local Rule] 7-1."[21]  Indeed, Local Rule 7-1(a)(7) specifically precludes attempts to simply "join" another party's motion, providing as follows:

> Each party seeking relief from the court must file a motion that identifies the relief sought and grounds for the requested relief. A party may incorporate by reference another party's arguments in the party's own motion, if applicable, but filing a "Notice of Joinder" is improper.[22]

In addition, when a motion seeks relief that is covered by the operative scheduling order in the case, the motion generally must be filed by the deadline identified in the order—regardless

---

[16] Dkt. 145 at 3.

[17] Carlisle's Opposition to Plaintiffs' Motion to Strike (Dkt. 149).

[18] *Wood v. World Wide Ass'n of Specialty Programs and Schools, Inc.*, No. 2:06–CV–708 TS, 2007 WL 1295994, at *1 (D. Utah Apr. 30, 2017) (citing Fed. R. Civ. P. 18–21); *see also Pappas v. Frank Azar & Assocs., P.C.*, No. 06–cv–01024–MSK–BNB, 2009 WL 440947, at *1 n.1 (D. Colo. Feb. 23, 2009) ("The Federal Rules of Civil Procedure do not recognize the concept of a party's 'joinder' in another party's motion.").

[19] *See Wood*, 2007 WL 1295994, at *1.

[20] *Pappas*, 2009 WL 440947, at *1; *accord Wood*, 2007 WL 1295994, at *1.

[21] *Wood*, 2007 WL 1295994, at *1.

[22] DUCivR 7-1(a)(7).

of how the motion is styled.[23]  When faced with a request to file a motion past the applicable

deadline, Rule 6(b)(1) allows the court to extend that deadline when there is "good cause" for

doing so.[24]  However, when such a request comes after the deadline has already passed, the party

seeking relief must not only meet the "good cause" standard, but also show that it "failed to act

because of excusable neglect."[25]  Although Rule 6 "should be liberally construed to advance the

goal of trying each case on the merits,"[26] the Tenth Circuit has cautioned that "an enlargement of

the time period [in which to file] is by no means a matter of right."[27]

The good cause and excusable neglect standards, "although interrelated, are not

identical."[28]  "Excusable neglect requires 'some showing of good faith on the part of the party

seeking the [extension] and some reasonable basis for noncompliance within the time

specified.'"[29]  Good cause, on the other hand, is shown when "there is no fault—excusable or

otherwise.  In such situations, the need for an extension is usually occasioned by something that

is not within the control of the movant."[30]  Good cause thus "requires a greater showing than

---

[23] *See, e.g.*, *Lay v. Wal-Mart Stores East, L.P.*, No. 20-280 SCY/KK, 2020 WL 6709541, at *2 (D.N.M. Nov. 16, 2020) (concluding that, despite the "[p]laintiff styl[ing] his motion as one to 'supplement' his original expert disclosures," the motion was actually seeking leave "to disclose a completely new expert and produce that expert's completely new report," past the expert disclosure deadline in the applicable scheduling order); *cf. Burlington Northern Santa Fe Ry. Co. v. A 50-Foot Wide Easement Consisting of 6.99 Acres More or Less*, 346 Fed. App'x 297, 304 (10th Cir. 2009) (where both the original scheduling order and amended scheduling order were silent as to the deadline for filing a motion to amend the pleadings, declining to apply the 'good cause' standard of Federal Rule of Civil Procedure 16 because, "[s]ince no such deadline was included [in the order], the amendment motion cannot be considered a motion to amend the scheduling order").

[24] Fed R. Civ. P. 6(b)(1).

[25] *Id.* R. 6(b)(1)(B).

[26] *Rachel v. Trout*, 820 F.3d 390, 394 (10th Cir. 2016).

[27] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017) (quoting *Eller v. Trans Union*, LLC, 739 F.3d 467, 478 n.10 (10th Cir. 2013)).

[28] *Herbert*, 678 F. App'x at 700 (quotation simplified).

[29] *Id.* (quoting *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)).

[30] *Id.* at 700–01 (quoting *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004)).

excusable neglect."[31]  Ultimately, the moving party must show good cause by establishing that

the deadline could not have been "met despite the movant's diligent efforts."[32]

## ANALYSIS

I.   **The Court Construes Carlisle's "Joinder" as a Standalone Motion Seeking Relief After the Applicable Deadline in the Operative Scheduling Order**

As a threshold matter, the court must resolve whether the Joinder Motion is properly

construed as a procedural vehicle through which Carlisle may join the other Defendants' filings

months after they were filed, or as an independent motion governed by the Amended Scheduling

Order that seeks relief past the operative deadlines.  Based on the content of Carlisle's Motion,

viewed through the aforementioned standards, the court must construe it as the latter.

In their Motion to Strike, Plaintiffs contend Carlisle's Joinder Motion is "impermissible"

under the Rules because it seeks to join other Defendants' motions and briefing "three months

late and without explanation."[33]  They therefore ask the court to "strike Carlisle's untimely and

improper pleading."[34]  Carlisle counters that Plaintiffs' Motion should be denied because

motions to strike are generally "disfavored,"[35] as parties should instead "address any procedural

or substantive issues in a memorandum in opposition to the allegedly objectionable motion."[36]

As the authorities cited above establish, filing a "Notice of Joinder" is an improper means

by which to incorporate by reference the arguments presented in another party's motion or brief.[37]

---

[31] *Kirkland*, 86 F.3d at 175 (quotation simplified).

[32] *See id.* at 701 (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

[33] Dkt. 145 at 3.

[34] *Id.*

[35] Dkt. 149 at 4 (quoting *Sharfman v. Premier Med., Inc.*, No. 6:20-CV-1278-WWB-LRH, 2021 WL 6884683, at *4 (M.D. Fla. Dec. 29, 2021)).

[36] *Id.* at 5 (quoting *Carter v. Federal National Mortgage*, No. 1:16CV57DAK, 2017 WL 1316957, at *1 (D. Utah Apr. 7, 2017)).

[37] *See supra* LEGAL STANDARDS section.

And although Carlisle's Motion is captioned as a "Joinder," the court is not bound by a motion's title; it is the substance that counts.[38]  Looking to the substance of Carlisle's Motion, it seeks to use the arguments presented by the other Defendants in (A) moving to exclude evidence proffered by Plaintiffs and (B) opposing Plaintiffs' Motion to Preclude.  First, Carlisle states that it intends to "incorporate[] by . . . reference" the arguments presented in the other Defendants' oppositions to Plaintiffs' Motion to Preclude.[39]  Carlisle then presents a truncated argument why Plaintiffs fail to meet their burden of establishing the unreliability of Defendants' jointly retained experts' opinions.[40]  Next, Carlisle's Motion seeks to "incorporate herein, as if fully restated here," the arguments raised in the other Defendants' various Motions to Exclude Plaintiffs' experts and the reply briefs to those Motions.[41]  With both requests, Carlisle is seeking to "incorporate by reference another party's arguments in [Carlisle's] own motion," which it is able to do under Local Rule 7-1, but not by way of simply filing a "joinder."[42]  Instead, it may do so only through an independent motion.[43]

Carlisle resists the conclusion that its Joinder Motion is procedurally improper, contending in its Opposition to Plaintiffs' Motion to Strike that "Joinder is permissible under [Local Rule] 7-1(a)(7)."[44]  For support, Carlisle invokes an Advisory Committee note to argue that the rule was intended to apply to a slightly different situation.[45]  But Carlisle does not include a citation, and on examination, it appears Carlisle has quoted from the Advisory Committee note to an outdated

---

[38] *See United States v. Griffith*, 928 F.3d 855, 876 (10th Cir. 2019) ("[W]e are not bound by a pleading's title; rather, we consider its substance.").

[39] Dkt. 140 at 2.

[40] *Id.* at 2–3.

[41] *Id.* at 3–4.

[42] *See* DUCivR 7-1(a)(7).

[43] *See Wood*, 2007 WL 1295994, at *1; *Pappas*, 2009 WL 440947, at *1.

[44] Dkt. 149 at 7.

[45] *Id.*

version of Rule 7-1, made effective in December 2020.[46]  The 2020 version of the rule is

substantively different than the current version, which has been in effect since December 2021.[47]

The current rule provides that "[a] party may incorporate by reference another party's arguments

in the party's own motion, . . . but filing a 'Notice of Joinder' is improper."[48]  By contrast, the

language unambiguously stating that "filing a 'Notice of Joinder' is improper" is not found in the

2020 version.[49]  Thus, Carlisle's attempt to invoke the Advisory Committee note from an outdated

version of Rule 7-1—which does not contain the most relevant language—is unavailing.

In sum, Carlisle may incorporate the arguments raised by the other Defendants in their

own respective motions and briefing—and Carlisle has done so here—but it may not do so

through a "Joinder."  It may only incorporate their arguments through a standalone motion,

seeking the same or similar relief on its own behalf.  But despite the procedural impropriety of

Carlisle's filing, the court will not strike the Motion outright based on that infirmity alone.

"Instead, the [c]ourt will consider the merits of [Carlisle's] request under the correct procedural

rules."[50]  Accordingly, the court construes Carlisle's Joinder Motion as a standalone motion

seeking to both: (A) belatedly move to exclude the opinions of Plaintiffs' experts, and (B)

belatedly oppose Plaintiffs' Motions to Preclude.

## II.    Carlisle has Not Established Good Cause or Excusable Neglect for the Delay in Filing its Motion

Carlisle next argues that "[i]n spite of any captioning error, the intent and purpose of the

Joinder is clear; therefore, Plaintiffs' Motion to Strike should be denied and the objections raised

---

[46] *See* DUCivR 7-1(a)(4) advisory committee's note (Dec. 2020).

[47] Rule 7-1(a)(7)'s text has not changed as between the December 2021 Local Rules and the recently promulgated December 2022 edition.  *Compare* DUCivR 7-1(a)(7) (Dec. 2021), *with id.* (Dec. 2022).

[48] DUCivR 7-1(a)(7) (Dec. 2022).

[49] *Compare id. with* DUCivR 7-1(a)(4) (Dec. 2020).

[50] *Accord Lay*, 2020 WL 6709541, at *2.

therein should be overruled."[51]   The first half of this argument is compelling—the relief Carlisle

requests is clear.  But this does not mean Plaintiffs' procedural objections should automatically

be overruled.  On the contrary, because Carlisle has not shown good cause or excusable neglect

in moving for relief months after the deadlines to do so, its Motion must be denied.

Plaintiffs point out that Carlisle did not seek leave of court to belatedly move to exclude

Plaintiffs' experts and oppose Plaintiffs' Motion to Preclude, filing its Joinder Motion without

addressing the required "good cause" and "excusable neglect" standards required under Rule 6.[52]

In its Opposition, Carlisle still fails to address either standard.  Instead, it baselessly asserts its

"Joinder [Motion] is [t]imely," and then presents several reasons why the Motion is "justified,"

without explaining how the purported justifications establish good cause or excusable neglect.[53]

Carlisle's failure to engage with the Rule 6 standards—even after being alerted to their

applicability by Plaintiffs in the Motion to Strike—is reason alone to deny the Joinder Motion.

Nevertheless, the court will briefly address the arguments presented by Carlisle in its Opposition,

concluding that none establish good cause or excusable neglect for failing to timely file its Motion.

A.  Carlisle's Motion is Untimely

As to timeliness, Carlisle contends its Joinder Motion was "timely filed because it was

filed prior to any hearing considering the subject briefing."[54]  Carlisle cites no authority in

support of this assertion.  Although the statement is accurate insofar as the hearing date on the

subject motions has not yet occurred,[55] this fact has nothing to do with the timeliness of the

---

[51] Dkt. 149 at 8.

[52] Dkt. 145 at 3.

[53] Dkt. 149 at 5–6.

[54] *Id.* at 5.

[55] *See* Notice of Hearing on Motions (Dkt. 139) (initially setting hearing date of November 8, 2022, on the pending summary judgment and evidentiary motions); Amended Notice of Zoom Hearing on Motions (Dkt. 157) (rescheduling hearing to occur on March 7, 2023).

Motion. Whether or not a motion is timely depends on whether the motion was filed by the deadline set forth in the applicable rule or scheduling order.[56] Although Plaintiffs having a meaningful chance to respond prior to a hearing on the motions at issue might speak to the issue of prejudice,[57] it does not somehow render timely an otherwise untimely motion.

Under the Amended Scheduling Order, the deadline to file motions to exclude expert testimony was May 6, 2022.[58] And under the Local Rules, the deadline to file an opposition in response to Plaintiffs' Motion to Preclude expired fourteen days after being served with Plaintiffs' Motion.[59] Plaintiffs' Motion was filed on May 6, 2022.[60] Carlisle filed its Joinder Motion on July 28, 2022, and has not identified any service issue with Plaintiffs' Motion that would have affected the normal response deadline. Thus, Carlisle's Motion was not timely filed.

      B.  <u>Carlisle's Justifications do Not Establish Good Cause or Excusable Neglect for the Belated Filing</u>

Carlisle next asserts its untimely Joinder Motion is "justified" because all Defendants were supposedly "working together on the[] filings."[61] There are two overarching problems with Carlisle's argument, one factual and one legal. First, as a factual matter, this argument might have some force if it were actually true that all Defendants had been working together in filing the relevant motions and other filings throughout this case, yet somehow failed to include

---

[56] *See, e.g., Herbert*, 678 F. App'x at 700 (discussing the Rule 6(b)(1) standard and framing untimeliness in terms of an "extension request [being] filed after the original deadline," and "whether the failure to timely meet the deadline was due to excusable neglect"); *Lujan v. Nat'l Wildlife Fed'n*, 496 U.S. 871, 895 (1990) (declaring a submission as "untimely" when it was filed after a deadline arising from Rule 6, and reciting the dual Rule 6(b) standard as the showing required for courts to be able to accept the untimely filing).

[57] *See, e.g., Herbert*, 678 F. App'x at 701 n.2 (noting that excusable neglect "is an 'equitable' standard," taking into account several factors, including "'the danger of prejudice'" to the other party (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993)).

[58] Dkt. 59 at 2.

[59] DUCivR 7-1(a)(4)(D)(ii).

[60] Dkt. 85.

[61] Dkt. 149 at 5.

Carlisle in these particular filings.  However, it appears Defendants have not worked in tandem

in litigating this case.  Indeed, the separate litigation strategies of each Defendant is exemplified

by the very motions and briefs that Carlisle is attempting to join.

For example, Ford's and Honeywell's Motions to Exclude each seek to exclude the

testimony of only one of Plaintiffs' experts, Dr. Staggs.[62]  Eaton's and Navistar's Motions, on

the other hand, seek to exclude the testimony of Dr. Staggs as well as another Plaintiff expert,

William Ewing.[63]  Additionally, the other Defendants diverged in how they opposed Plaintiffs'

Motion to Preclude.  Contrary to Carlisle's assertion that all Defendants "jointly retained and

designated the same experts,"[64] on review of the other Defendants' Oppositions it is apparent

that certain experts were designated by only some of the Defendants.[65]  Thus, Carlisle's

contention that all Defendants were filing and doing substantially the same things and Carlisle

was somehow inadvertently left out of these filings is not borne out by the record.

Second, as a legal matter, even if Defendants had all been working together on the filings

Carlisle seeks to join, Carlisle still does not address why there was good cause or excusable

neglect for its failure to file something earlier seeking to incorporate the other Defendants'

arguments.  Carlisle cites Navistar's Motion to Exclude, pointing out that it was only one-and-a-

half pages and simply incorporated by reference the arguments presented in other Defendants'

---

[62] *See* Dkt. 84 at 1–2; Dkt. 91 at 1–2.  As noted, Honeywell withdrew its Motion to Exclude and has been dismissed from this case by stipulation.  *See supra* note 10.  The court cites Honeywell's Motion only for purposes of observing the relative distinctions between the relief sought in each Defendant's respective Motion to Exclude, and in observing that Honeywell timely filed its Motion and Reply.

[63] *See* Dkt. 88 at 1–2; Dkt. 90 at 1.

[64] *See* Dkt. 149 at 5.

[65] *See* Dkt. 110 at 2–3 ("Dr. Paustenbach was also designated as an expert by Ford, and the issues pertaining to Dr. Paustenbach were fully addressed in the Ford/Honeywell Opposition Memorandum.  Similarly, Dr. Alexander was also designated by Eaton, and the issues pertaining to Dr. Alexander were fully addressed in Eaton's Opposition Memorandum.").  *See generally* Dkt. 105; Dkt. 107.

Motions to Exclude.[66]  The court observes that Navistar took the same approach in opposing

Plaintiffs' Motion to Preclude, filing a three-page Opposition that merely incorporates arguments

from other Defendants' opposition briefs.[67]  But Carlisle misunderstands the issue.  Both Carlisle

and Navistar were free to incorporate the other Defendants' arguments by reference in their own

standalone motion or opposition brief if they chose to do so.  The difference is that Navistar did

so by separately filing its own motion and opposition brief by the applicable deadlines, whereas

Carlisle did not attempt to do so until months after the deadlines had already passed.

Carlisle has not adequately explained why it should be held to a different standard than

the other Defendants, each of whom timely filed their respective motions and briefs.  All other

Defendants timely filed separate Motions to Exclude one or both of Plaintiffs' Experts.  Ford,

Eaton, and Honeywell timely filed Replies in support of their respective Motions to Exclude.

And all other Defendants timely filed opposition memoranda to Plaintiffs' Motion to Preclude.

Carlisle wants to put similar arguments before the court on its own behalf, but its attempt to do

so comes months after the applicable deadlines passed.  Even if it intends to merely incorporate

other Defendants' arguments by reference, under Rule 6(b) Carlisle must still establish there was

good cause and excusable neglect for the delay.  None of Carlisle's arguments address a

"reasonable basis" for its noncompliance with the Amended Scheduling Order,[68] nor explain

why it could not have met the deadlines despite its "diligent efforts."[69]  Therefore, its purported

justifications for the court being able to accept the Joinder Motion are not well-taken.

---

[66] Dkt. 149 at 5 (citing Dkt. 90).

[67] *See generally* Dkt. 110.

[68] *See Herbert*, 678 F. App'x at 700 (quoting *Kirkland*, 86 F.3d at 175).

[69] *See Kirkland*, 86 F.3d at 175 (quotation simplified).

## CONCLUSION

In sum, the court construes Carlisle's Joinder Motion as an attempt to (1) untimely move to exclude Plaintiffs' experts and (2) untimely oppose Plaintiffs' Motion to Preclude. Although joinder in this context is procedurally improper, the court does not strike Carlisle's Motion outright but has instead considered whether to accept it under the procedural framework applicable to a motion filed past the operative deadline. Despite Plaintiffs alerting Carlisle to the required showings under Rule 6(b), Carlisle has not meaningfully engaged with its burden of establishing either good cause or excusable neglect for filing its Motion more than two months after the applicable deadlines, and the justifications it does present are unavailing. Therefore, Carlisle's Joinder Motion[70] is DENIED. Based on that decision, Plaintiffs' Motion to Strike[71] is DENIED AS MOOT.

SO ORDERED this 3rd day of January, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[70] Dkt. 140.

[71] Dkt. 145.

13